**FILED**

**FEBRUARY 18, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**08 C 987**

| | |
|---|---|
| **GMAC REAL ESTATE, LLC**, a Delaware Limited Liability Company, | |
| *Plaintiff,* | **CASE NO.** |
| *v.* | |
| **BLAKE REALTY, LLC**, a Wisconsin Limited Liability Company, and **RYAN BLAKE**, an individual. | **JUDGE ANDERSEN**<br>**MAGISTRATE JUDGE KEYS** |
| *Defendants.* | |

**VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

**Now Comes**, the Plaintiff, **GMAC REAL ESTATE, LLC**, a Delaware Limited Liability Company, ("Plaintiff"), by and through its attorneys, Fuchs & Roselli, Ltd., and for its *Verified Complaint for Injunctive and Other Relief* ("Complaint") as against the Defendant, **BLAKE REALTY, LLC**, a Wisconsin Limited Liability Company, and **RYAN BLAKE**, an individual, complains as follows:

**NATURE OF THE ACTION**

1.      This Verified Complaint arises from Defendants' breach of a Franchise Agreement and its continued, unauthorized and improper use of Plaintiff's registered service Marks and logos.  Following a breach of the written Franchise Agreement by Defendants and a termination of that agreement by Plaintiff, Defendants continue to use Plaintiff's service marks without authorization.  Despite demand to cease, Defendants have continued to use and misuse Plaintiff's Marks.  This Verified Complaint is brought to redress the continuing infringement of its Marks and to recover damages resulting from Defendants' breach of the Franchise

Agreement.  This Verified Complaint is brought pursuant to 15 U.S.C. §§ 1051 *et seq.*

## JURISDICTION AND VENUE

2.      Plaintiff is a Delaware Limited Liability Company with its principal place of business at 2021 Spring Road, Oak Brook, Illinois.

3.      Plaintiff is a franchisor of a real estate system for the promotion and sale of Real Property.

4.      Blake Realty is, and was at all relevant times, a Wisconsin Limited Liability Company, with its principal place of business at 2835 West Collage Avenue, Appleton, Wisconsin.

5.      Ryan Blake is an individual, who, upon information and belief, at all relevant times is a resident of Wisconsin.

6.      Jurisdiction is proper under 28 U.S.C. §§1331, 1338 and 15 U.S.C. §1121.  This Court also has diversity jurisdiction under 28 U.S.C. §1332 as upon information and belief, there is complete diversity between the parties and the amount in controversy exceeds $75,000.00

7.      Venue is proper under 28 U.S.C. §1391(b), as substantial portion of the occurrences alleged and complained of in this Verified Complaint occurred in this district.

## FACTS COMMON TO ALL COUNTS

8.      Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 7 as though fully set forth herein.

9.      Plaintiff is a widely known franchisor of a distinctive real estate system for the promotion and sale of Real Property.

10.      Plaintiff's service Marks and logos appear on the principal register of the United States Patent and Trademark Office.  Plaintiff has the exclusive right to use and license its

service marks and the derivatives thereof, as well as the distinctive real estate system for the promotion and sale of real property to the public under Plaintiff's name. Plaintiff and its predecessors have continuously used each of its service marks since their date of registration, and Plaintiff has the exclusive right to use and sublicense its service marks in the United States, including the right to sue for infringement.

11. Plaintiff has invested and continues to invest substantial time, money and effort to develop goodwill in its trade name and trade marks and to make its name and marks recognizable as a distinct designation of services provided by Plaintiff.

12. Registration of Plaintiff's service marks are in full force and effect, unrevoked and uncancelled pursuant to 15 U.S.C. §1065. Plaintiff has given notice to the public of the registration of its service marks as provided in 15 U.S.C. §1111.

13. Plaintiff uses or has used the words "GMAC Real Estate", "GMAC Home Services", "Premiere Service" and others as variations of its brand name.

14. Through its franchise system, Plaintiff markets, promotes and provides service to its franchisees throughout the United States. To identify the origin of the services it provides, Plaintiff allows its franchisees to use its service marks and to promote the GMAC Real Estate name.

15. The value of the goodwill developed in Plaintiff's service marks cannot be determined by a precise monetary calculation, because Plaintiff is a national real estate service franchise and a widely known provider of such service, the value of its goodwill is substantial.

16. Plaintiff's service marks are famous in the United States.

17. On or about March 25 2005, Plaintiff entered into a Real Estate Franchise Agreement with Blake Realty, LLC. A true copy of this Agreement is attached as Exhibit 1).

18.     Ryan Blake was identified as the owner of Blake Realty, LLC. (Exhibit 1, §(C)

19.     Pursuant to the Franchise Agreement, Blake Realty, LLC, was permitted to use Plaintiff's marks in association with a permanent real estate sales office as approved by Plaintiff and in a form and style authorized by Plaintiff. (Exhibit 1, § 3(B).

20.     Pursuant to the Franchise Agreement, Blake Realty, LLC, agreed to pay Plaintiff certain Joining Fees and Referral Office Fees. (Exhibit 1 §10).  Blake Realty, LLC, also agreed to pay Plaintiff Royalty and Advertising fees as outlined in Exhibit A to the Franchise Agreement.

21.     Upon execution of the Franchise Agreement, Plaintiff made a Franchise Development Costs loan to Blake Realty in the amount of $20,000. (Exhibit 1, §30).  This loan was memorialized in the attached Note. (Exhibit 2).

22.     On March 25, 2005, Ryan Blake personally guaranteed the repayment of the Franchise Development Costs loan, by the attached personal guaranty. (Exhibit 3).

23.     Despite the clear and unequivocal requirement to make these payments, Blake Realty, LLC, has failed and refused to do so.

24.     Pursuant to the Franchise Agreement, Plaintiff could terminate the Franchise Agreement in the event of default, effective upon written notice of termination, provided Plaintiff served Blake Realty, LLC, with a written notice of default and allowing Blake Realty, LLC, 30 days to cure the default. (Exhibit 1 §18(C).

25.     Plaintiff provided Blake Realty, LLC, with Notice of Default on or about March 24, 2006. (Exhibit 4).

26.     Plaintiff provided Blake Realty, LLC, a second Notice of Default on or about October 23, 2006. (Exhibit 5).

27.    A third Notice of Default was provided to Blake Realty, LLC, on or about May 18, 2007. (Exhibit 6).

28.    Despite Blake Realty, LLC's clear default of its obligations under the Franchise Agreement and multiple Notice of Default, Blake Realty, LLC, and Ryan Blake have failed and refused to cure its default.

29.    As a result of Blake Realty, LLC's continued default under the Franchise Agreement Plaintiff terminated the Agreement on or about September 10, 2007. (Exhibit 7).

30.    Plaintiff provided Blake Realty, LLC, Notice of Termination, on or about September 10, 2007.  (Exhibit 5).

31.    At the time the franchise agreement was terminated, Defendants owed $195,140.95, in unpaid franchise fees and anticipated lost revenues.

32.    The Franchise Agreement provides that upon termination of the Agreement, Defendant shall:

> "within 10 days of such termination, discontinue use of all Marks, including the words 'GMAC Real Estate', or any derivation of those words, and refrain from holding itself out to the public in a manner that would suggest that it is a licensee or former licensee of GMAC Real Estate … In addition, if Strategic-Partner has used the words 'GMAC Real Estate' as part of its internet domain name and such use has not been terminated within 10 days of termination of this Agreement, Strategic-Partner will be deemed to have assigned its rights in such domain name to GMAC Real Estate, and GMAC Real Estate may take whatever actions it deems appropriate to terminate such domain name and Strategic-Partner's right to use the same;"

(Exhibit 1 §19(A)(1).

33.    The Franchise Agreement further provides that in the event of termination, Defendant shall:

> "Surrender to GMAC Real Estate, or at the option of GMAC Real Estate, destroy all signs and documentation bearing the Marks, including yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials,

client promotion materials and the like."

(Exhibit 1 §19(A)(3).

34.    Section 19(B)(2) provides that:

"Owners shall be personally liable to GMAC Real Estate for all financial obligations of Strategic-Partner to GMAC Real Estate, but limited to those obligations incurred prior to the date of termination and those based on losses attributable to the one-year period after the date of termination."

(Exhibit 1, §19(B)(2).

35.    Section 19(C) of the Franchise Agreement provides that:

"If, after termination of this Agreement, Strategic-Partner fails to comply with its obligations under this Section, in addition to any other payments required to be made by Strategic-Partner to GMAC Real Estate, Strategic-Partner shall reimburse GMAC Real Estate for all its costs related to its attempt to enforce its rights, including the payment of reasonable collection agency's fees, attorney's fees and costs."

(Exhibit 1 §19(C).

36.    Despite the termination of the Franchise Agreement and receiving notice of that termination, Defendants have continued to misuse Plaintiff's service marks to induce the public to use their real estate services for the promotion and sale of real property.

37.    Despite the termination of the Franchise Agreement and receiving notice of that termination, Defendants have continued to hold themselves out to the public as a franchisee in good standing or other affiliate of Plaintiff to induce the public to use their real estate services for the promotion and sale of real property.

38.    Plaintiff has made and continues to make all reasonable effort to obtain relief directly from Defendants for their continuing infringements of their marks, but without success.

39.    Plaintiff has met all of its obligations under the Franchise Agreement.

## COUNT I – VIOLATION OF SECTION 32 OF LANHAM ACT

40.     Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 39 above as though fully set forth herein.

41.     Section 32 of the Lanham Act provides that:

> "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive … shall be liable in a civil action by the registrant"

(15 U.S.C. §1114(1)(a).

42.     Defendants have marketed and promoted their real estate services and continue to market and promote their real estate services through the unauthorized use of Plaintiff's marks. Such use has caused and is likely to continue to cause confusion or mistake among prospective or actual customers in violation of Section 32 of the Lanham Act.  Defendants' actions therefore infringe upon the exclusive rights granted Plaintiff by its federal service mark registration in violation of 15 U.S.C. §1114.

43.     Defendants have committed this infringement with full knowledge and awareness of Plaintiff's registration of its marks and with the intent to cause confusion, mistake, and deception of the consuming public.

44.     As a direct and proximate result of Defendants' infringement upon Plaintiff's Marks, Plaintiff has suffered and continues to suffer irreparable injury to its business, including, but not limited to loss of sales, profits, business reputation, goodwill, and the likelihood that the distinctive quality of its Marks will be diluted, the losses of which are impossible to calculate.

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A) Ordering Defendants preliminarily and permanently enjoined from any and all use or misuse of its service marks or otherwise infringing upon the exclusive rights granted Plaintiff in its Marks;

B) Ordering Defendants to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

C) Ordering Defendants to promptly surrender to Plaintiff or destroy all items in their possession, custody or control that bear Plaintiff's Marks, including but not limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

D) Awarding compensatory and exemplary damages in amount to be proven at trial as well as attorneys fees and costs; and

E) Granting such other and further relief as this Honorable Court deems just and proper.

## COUNT II – VIOLATION OF SECTION 43(a) OF LANHAM ACT

45.    Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein.

46.    Section 43(a) of the Lanham Act provides that:

"[a]ny person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol … or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation … or as t the origin, sponsorship, or approval of … goods [or]services … shall be liable in a civil action"

(15 U.S.C. §1125(a).

47.    The acts of the Defendant in marketing and promoting its real estate services through the use of Plaintiff's marks constitute a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact, which have caused and are likely to continue to cause confusion, mistake or deception as to the affiliation of Defendants with Plaintiff, or to confusion, mistake or deception to imply or suggest that Plaintiff sponsors, approves or is in any way affiliated with the services Defendants provide, all in violation of Section 43(a) of the Lanham Act.

48.    Defendants' acts of infringement in violation of Section 43(a) were committed with full knowledge and awareness of Plaintiff's registration of its Marks. Defendants' acts of infringement were undertaken and continued with the intent to cause confusion, mistake or deception upon the consuming public. Defendants' commission of such acts with knowledge and awareness of Plaintiff's rights constitutes a willful violation of Section 43(a) of the Lanham Act.

49.    As a direct and proximate result of Defendants' infringement upon Plaintiff's Marks, Plaintiff has suffered and continues to suffer irreparable injury to its business, including, but not limited to loss of sales, profits, business reputation, goodwill, and the likelihood that the distinctive quality of its Marks will be diluted, the losses of which are impossible to calculate.

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A)    Ordering Defendants preliminarily and permanently enjoined from any and all use or misuse of its Marks or otherwise infringing upon the exclusive rights granted Plaintiff in its Marks;

B)    Ordering Defendants to account for any and all revenue derived as a result of

marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

C) Ordering Defendants to promptly surrender to Plaintiff or destroy all items in their possession, custody or control that bear Plaintiff's Marks, including but not limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

D) Awarding compensatory and exemplary damages in amount to be proven at trial as well as attorneys fees and costs; and

E) Granting such other and further relief as this Honorable Court deems just and proper.

## COUNT III – VIOLATION OF SECTION 43(c) OF LANHAM ACT

50.    Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 49 above as though fully set forth herein.

51.    Section 43(c) of the Lanham Act provides that:

> "[t]he owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as provided in this subsection."

(15 U.S.C. §1125(c).

52.    The acts of the Defendant in marketing and promoting its real estate services through the use of Plaintiff's Marks have caused and will continue to cause dilution and disparagement of the distinctive quality of Plaintiff's Marks and have lessened and will continue to lessen the capacity of Plaintiff's Marks to identify and distinguish the services it provides, in violation of Section 43(c) of the Lanham Act.

53.     Defendants' ongoing acts of infringement in violation of Section 43(c) were committed with full knowledge and awareness of Plaintiff's registration of its Marks. Defendants' acts of infringement were undertaken and continued with the intent to cause confusion, mistake or deception upon the consuming public. Defendants' commission of such acts with knowledge and awareness of Plaintiff's rights constitutes a willful violation of Section 43(c) of the Lanham Act.

54.     As a direct and proximate result of Defendants' infringement upon Plaintiff's Marks, Plaintiff has suffered and continues to suffer irreparable injury to its business, including, but not limited to loss of sales, profits, business reputation, goodwill, and the likelihood that the distinctive quality of its Marks will be diluted, the losses of which are impossible to calculate.

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A) Ordering Defendants preliminarily and permanently enjoined from any and all use or misuse of its Marks or otherwise infringing upon the exclusive rights granted Plaintiff in its Marks;

B) Ordering Defendants to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

C) Ordering Defendants to promptly surrender to Plaintiff or destroy all items in their possession, custody or control that bear Plaintiff's Marks, including but not limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

D) Awarding compensatory and exemplary damages in amount to be proven at trial

as well as attorneys fees and costs; and

E) Granting such other and further relief as this Honorable Court deems just and proper.

## COUNT IV BREACH OF CONTRACT

55.    Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 54 above as though fully set forth herein.

56.    Pursuant to section 10 and Appendix A of the Franchise Agreement, Defendants were obligated to remit certain Joining Fees and Referral Office Fees and certain Royalty and Advertising fees.

57.    In spite of their obligation to do so, Defendants have failed to remit the fees due and owing under the Franchise Agreement.  As of September 10, 2007, the amount of fees owed was at least $65,084.95.  In addition, Plaintiffs have lost the anticipated future revenue from the Franchise Agreement in an amount of at least $130,056.00.

58.    Defendants' failure to remit the fees due and owing amounts to a breach of the Franchise agreement and as a direct and proximate result of this breach, Plaintiff has suffered damage.

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A) Ordering Defendants to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

B) Awarding compensatory and exemplary damages in amount to be proven at trial as well as attorneys fees and costs; and

12

C) Granting such other and further relief as this Honorable Court deems just and proper.

## COUNT V BREACH OF CONTRACT

59.     Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 58 above as though fully set forth herein.

60.     Pursuant to section 19 of the Franchise Agreement, upon termination of the Franchise Agreement, Defendants were to cease all use of Plaintiff's Marks.

61.     In spite of their obligation to do so, Defendants have continued to use Plaintiff's Marks.

62.     Defendants failure to cease and desist from using Plaintiff's Marks upon termination of the Franchise Agreement amounts to a breach of the Franchise agreement and as a direct and proximate result of this breach, Plaintiff has suffered damage.

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A) Ordering Defendants preliminarily and permanently enjoined from any and all use or misuse of its Marks or otherwise infringing upon the exclusive rights granted Plaintiff in its Marks;

B) Ordering Defendants to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

C) Ordering Defendants to promptly surrender to Plaintiff or destroy all items in their possession, custody or control that bear Plaintiff's Marks, including but not

limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

D) Awarding compensatory and exemplary damages in amount to be proven at trial as well as attorneys fees and costs; and

E) Granting such other and further relief as this Honorable Court deems just and proper.

## COUNT VI BREACH OF NOTE

63. Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 62 above as though fully set forth herein.

64. On or about May 1, 2005, Blake Realty borrowed $20,000 from Plaintiff as a Franchise Development Costs loan. This loan was memorialized by the Franchise Development Costs Loan Note. (Exhibit 2).

65. On or about March 25, 2005, Ryan Blake executed a Personal Guaranty of repayment of this loan. (Exhibit 3).

66. Defendants have not repaid this loan. As of September 10, 2007, $16,000.04 remained outstanding on this loan.

67. Defendants' failure to remit the fees due and owing under this Note and Personal Guaranty amounts to a breach of the Note and Personal Guaranty and as a direct and proximate result of this breach, Plaintiff has suffered damage.

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A) Awarding compensatory and exemplary damages in amount to be proven at trial

as well as attorneys fees and costs; and

C) Granting such other and further relief as this Honorable Court deems just and proper.

## COUNT VII VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT

68.    Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 67 above as though fully set forth herein.

69.    At all relevant time there was in force an effect the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, which provides:

"(a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person:

(1)    passes off goods or services as those of another;

(2)    causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3)    causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

...

(5)    represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

...

(12)   engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

815 ILCS 510/2.

70.    As a direct and proximate result of Defendants' violation of the Illinois Deceptive Trade Practices Act, Plaintiff has suffered and continues to suffer damage.

71.    Defendants aforementioned actions represent knowing and willful violations of

the Illinois Deceptive Trade Practices Act, such that Plaintiff is entitled to recovery of attorneys

fees. 810 ILCS 510/3

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this

Honorable Court enter an *Order*:

A) Ordering Defendants preliminarily and permanently enjoined from any and all use or misuse of its Marks or otherwise infringing upon the exclusive rights granted Plaintiff in its Marks;

B) Ordering Defendants to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

C) Ordering Defendants to promptly surrender to Plaintiff or destroy all items in their possession, custody or control that bear Plaintiff's Marks, including but not limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

D) Awarding compensatory and exemplary damages in amount to be proven at trial as well as attorneys fees and costs; and

E) Granting such other and further relief as this Honorable Court deems just and proper.

## COUNT VIII VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

72.      Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1

through 71 above as though fully set forth herein.

73.      At all relevant time there was in force an effect the Illinois Consumer Fraud and

Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, which provides:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."

810 ILCS 505/2.

74.    By their violation of the Illinois Deceptive Trade Practices Act, as set forth in Count VII of this Verified Complaint and by its deceptive and ongoing use of Plaintiff's Marks has and continues to be in violation of the Illinois Consumer Fraud and Deceptive Practices Act. As a direct and proximate result of Defendants' violation, Plaintiff has suffered and continues to suffer damage.

75.    Defendants' aforementioned actions represent knowing and willful violations of the Illinois Deceptive Trade Practices Act, such that Plaintiff is entitled to recovery of attorneys fees. 810 ILCS 510/3

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A) Ordering Defendants preliminarily and permanently enjoined from any and all use or misuse of its Marks or otherwise infringing upon the exclusive rights granted Plaintiff in its Marks;

B) Ordering Defendants to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

C) Ordering Defendants to promptly surrender to Plaintiff or destroy all items in their possession, custody or control that bear Plaintiff's Marks, including but not

limited to yard signs, letterheads, advertising and marketing materials, business

cards, manuals, training materials, client promotion materials and the like;

D) Awarding compensatory and exemplary damages in amount to be proven at trial

as well as attorneys fees and costs; and

E) Granting such other and further relief as this Honorable Court deems just and

proper.

## COUNT IX VIOLATION OF W.S.A. 100.18(1)

76.    Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1

through 75 above as though fully set forth herein.

77.    At all relevant time there was in force an effect W.S.A. 110.18(1), which

provides:

> "No person, firm, corporation or association, or agent or employee thereof, with intent to sell, distribute, increase the consumption of or in any wise dispose of any real estate, merchandise, securities, employment, service, or anything offered by such person, firm, corporation or association, or agent or employee thereof, directly or indirectly, to the public for sale, hire, use or other distribution, or with intent to induce the public in any manner to enter into any contract or obligation relating to the purchase, sale, hire, use or lease of any real estate, merchandise, securities, employment or service, shall make, publish, disseminate, circulate, or place before the public, or cause, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in this state, in a newspaper, magazine or other publication, or in the form of a book, notice, handbill, poster, bill, circular, pamphlet, letter, sign, placard, card, label, or over any radio or television station, or in any other way similar or dissimilar to the foregoing, an advertisement, announcement, statement or representation of any kind to the public relating to such purchase, sale, hire, use or lease of such real estate, merchandise, securities, service or employment or to the terms or conditions thereof, which advertisement, announcement, statement or representation contains any assertion, representation or statement of fact which is untrue, deceptive or misleading."

W.S.A.100.18(1).

78.    In carrying out the aforementioned Acts, Defendants have knowingly and

willfully violated and continue to knowingly and willfully violate this statute.

79.    As a direct and proximate result of Defendants knowing and willful violation of this statute, Plaintiff has suffered and continues to suffer injury.

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A)  Ordering Defendants preliminarily and permanently enjoined from any and all use or misuse of its Marks or otherwise infringing upon the exclusive rights granted Plaintiff in its Marks;

B)  Ordering Defendants to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

C)  Ordering Defendants to promptly surrender to Plaintiff or destroy all items in their possession, custody or control that bear Plaintiff's Marks, including but not limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

D)  Awarding compensatory and exemplary damages in amount to be proven at trial as well as attorneys fees and costs; and

E)  Granting such other and further relief as this Honorable Court deems just and proper.

## COUNT VIII COMMON LAW UNFAIR COMPETITION

80.    Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 79 above as though fully set forth herein.

81.    The Acts described above reflect Defendants' plan and actions to, without

authority, consent or privilege, imitate and attempt to pass off its real estate services as having received sponsorship or approval of Plaintiff. Defendants' conduct also dilutes the value of Plaintiff's Marks built by Plaintiff at the cost of substantial time, effort and expense. Such conduct on the part of Defendants constitutes unfair competition under the common law and unless Defendants' unfair competition is not immediately restrained and enjoined, Plaintiff will continue to suffer irreparable harm and injury.

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A) Ordering Defendants preliminarily and permanently enjoined from any and all use or misuse of its Marks or otherwise infringing upon the exclusive rights granted Plaintiff in its Marks;

B) Ordering Defendants to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

C) Ordering Defendants to promptly surrender to Plaintiff or destroy all items in their possession, custody or control that bear Plaintiff's Marks, including but not limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

D) Awarding compensatory and exemplary damages in amount to be proven at trial as well as attorneys fees and costs; and

E) Granting such other and further relief as this Honorable Court deems just and proper.

## COUNT IX UNJUST ENRICHMENT

82.     Plaintiff hereby restates, re-alleges and incorporates by reference Paragraphs 1 through 81 above as though fully set forth herein.

83.     Defendants have benefited and continue to benefit from their wrongful and unauthorized use of Plaintiff's Marks after termination of the Franchise Agreement and have not paid any royalty or other Franchise Fee in return for the benefit received.

84.     Defendants' failure to compensate Plaintiff for the ongoing use of its Marks constitutes unjust enrichment and Plaintiff has suffered damage as a direct and proximate result.

**WHEREFORE**, the Plaintiff, GMAC Real Estate, LLC, respectfully requests that this Honorable Court enter an *Order*:

A) Ordering Defendants preliminarily and permanently enjoined from any and all use or misuse of its Marks or otherwise infringing upon the exclusive rights granted Plaintiff in its Marks;

B) Ordering Defendants to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with Plaintiff's Marks;

C) Ordering Defendants to promptly surrender to Plaintiff or destroy all items in their possession, custody or control that bear Plaintiff's Marks, including but not limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

D) Awarding compensatory and exemplary damages in amount to be proven at trial as well as attorneys fees and costs; and

E) Granting such other and further relief as this Honorable Court deems just and

proper.

Respectfully submitted,

**GMAC REAL ESTATE, LLC**, Plaintiff

By:     \s\ Richard C. Perna
One of Its Attorneys

Richard C. Perna (6193236)
Daniel E. Wiesch (6276171)
FUCHS & ROSELLI, LTD.
440 West Randolph Street, Suite 500
Chicago, Illinois 60606
Tel: (312) 651-2400
Fax: (312) 651-2499

## VERIFICATION BY CERTIFICATION

I, Jim Toulon, being of full age and duly sworn, upon oath, deposes and states:

1.      I am Chief Operating Officer and Executive Vice President for GMAC Real Estate, LLC and have personal knowledge of the facts alleged herein and am duly authorized to so represent and am prepared to testify to them if called as a witness.

2.      I have read the foregoing Verified Complaint at Law and the allegations contained therein. Except as to those allegations alleged to be on information and belief, which I believe to be true, all of the allegations in this Verified Complaint at Law are true based upon my personal knowledge, Plaintiff's records and information available through Plaintiff's employees.

By:      _____

JIM TOULON, as Chief Operating Officer and Executive Vice President for GMAC REAL ESTATE LLC