IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GMAC REAL ESTATE, LLC, a Delaware Limited Liability Company,<br><br>*Plaintiff,*<br><br>v.<br><br>BLAKE REALTY, LLC, a Wisconsin Limited Liability Company, and RYAN BLAKE, an individual.<br><br>*Defendants.* | CASE NO. 08 C 987<br><br>**Presiding Judge Anderson**<br>**Magistrate Judge Keys** |

## ORDER FOR PRELIMINARY AND PERMANENT INJUNCTION

THIS CAUSE COMING TO BE HEARD on the *Motion for Preliminary Injunction with Notice* and on the *Motion for Default* of GMAC REAL ESTATE, LLC, a Delaware Limited Liability Company, ("PLAINTIFF"), by and through its attorneys, FUCHS & ROSELLI, LTD., due notice having been given to BLAKE REALTY, LLC, a Wisconsin Limited Liability Company, ("BLAKE REALTY") and RYAN BLAKE, an individual, ("BLAKE") (collectively "DEFENDANTS") the Court being fully advised in the premises, and the Court having found that good cause exists for the issuance of a *Preliminary and Permanent Injunction Order* without bond.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. That the Court finds, from the facts stated in the *Motion for Preliminary Injunction,* the *Verified Complaint for Injunctive and Other Relief,* and supporting *Affidavits*:

   a. PLAINTIFF uses or has used the words "GMAC Real Estate", "GMAC Home

1

Services", "Premiere Service" and others as variations of its brand name. The "GMAC" mark was registered under United States' Trademark Number 2,612,792 and has been in use since August 27, 2002. The "Premiere Service" mark was registered under United States' Trademark Number 2,914,178 and has been in use since December 28, 2004. (collectively "GMAC Real Estate", "GMAC Home Services", and "Premiere Service" are referred to herein as the "MARKS");

b. PLAINTIFF'S MARKS are valid, incontestable and entitled to the protections of this Court as the MARKS are registered on the principal register of the US Patent and Trademark Office. PLAINTIFF has used the MARKS in question since the date of register and these marks are in full force and effect pursuant to 15 U.S.C. §1065. PLAINTIFF has given notice to the public of the registration of the MARKS as required by 15 U.S.C. §1111;

c. PLAINTIFF has the exclusive right to use and license its MARKS and the derivatives thereof, as well as the distinctive real estate system for the promotion and sale of real property to the public under PLAINTIFF'S name. PLAINTIFF and its predecessors have continuously used each of its MARKS since their date of registration, and PLAINTIFF has the exclusive right to use and sublicense its MARKS in the United States, including the right to sue for infringement;

d. On or about March 25 2005, PLAINTIFF entered into a Real Estate Franchise Agreement (the "FRANCHISE AGREEMENT") with BLAKE REALTY;

e. Pursuant to the FRANCHISE AGREEMENT, BLAKE REALTY, was permitted to use the MARKS in association with a permanent real estate sales office as approved by PLAINTIFF and in a form and style authorized by PLAINTIFF;

f. Pursuant to the FRANCHISE AGREEMENT, BLAKE REALTY agreed to pay PLAINTIFF

2

      certain Joining Fees and Referral Office Fees. BLAKE REALTY also agreed to pay PLAINTIFF Royalty and Advertising fees as outlined in the FRANCHISE AGREEMENT;

g.   BLAKE REALTY is in breach of the FRANCHISE AGREEMENT for failure to pay all sums due and owing under the FRANCHISE AGREEMENT;

h.   On or about September 10, 2007, the FRANCHISE AGREEMENT was properly terminated;

i.   Despite the termination of the FRANCHISE AGREEMENT and receiving notice of that termination, DEFENDANTS have continued to misuse PLAINTIFF'S MARKS to induce the public to use their real estate services for the promotion and sale of real property;

j.   PLAINTIFF has no adequate remedy at law as the injury suffered by PLAINTIFF as a result of DEFENDANTS' infringement upon PLAINTIFF'S MARKS is irreparable and not susceptible of adequate measurement as the value of the goodwill developed in PLAINTIFF'S MARKS cannot be determined by a precise monetary calculation, because PLAINTIFF is a national real estate service franchise and a widely known provider of such service, the value of its goodwill is substantial;

k.   The injury to PLAINTIFF's protectable business interests is substantial and immediate;

l.   PLAINTIFF has a reasonable likelihood of success on the merits;

m.   PLAINTIFF will be irreparably harmed if a preliminary and permanent injunction does not issue;

n.      The threatened injury to PLAINTIFF outweighs the threatened harm a preliminary and permanent injunction may inflict on DEFENDANTS; and

o.      Granting of this preliminary and permanent injunction does no disservice to the public interest.

2. **That as a result of the foregoing, it is hereby ordered:**

     1)      DEFENDANTS are preliminarily and permanently enjoined from any and all use or misuse of PLAINTIFF'S MARKS or otherwise infringing upon the exclusive rights granted PLAINTIFF in its MARKS;

     2)      Within seven (7) days of this ORDER, DEFENDANTS are to surrender to PLAINTIFF or destroy all items in their possession, custody or control that bear PLAINTIFF'S MARKS, including but not limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

     3)      Within seven (7) days of this ORDER, DEFENDANTS are to assign to PLAINTIFF their rights to the domain name http://www.blakegmac.com;

     4)      DEFENDANTS are to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with PLAINTIFF'S MARKS.

3.      That good cause having been shown, minimal bond shall be required by PLAINTIFF based on the allegations of the *Motion for Preliminary Injunction, Verified Complaint for Injunctive and Other Relief,* and supporting *Affidavits.*

4.      In the event of a breach of the terms of this ORDER, the aggrieved party may file a

motion before the Court seeking enforcement of the terms of this ORDER. The prevailing party shall be entitled to reimbursement of its reasonable attorneys fees incurred in connection with the preparation, filing, and prosecution of such a motion and such additional relief as the Court deems appropriate.

5. That this *Preliminary and Permanent Injunction* is issued on April __, 2008.

6. That copies of this *Order* shall be immediately served upon DEFENDANTS.

ENTERED: *April 10, 2008*

JUDGE: _____

Richard C. Perna (6193236)
Daniel E. Wiesch (6276171)
FUCHS & ROSELLI, LTD.
440 West Randolph Street, Suite 500
Chicago, Illinois 60606
(312) 651-2400
Attorney No. 18573