## VERIFICATION BY CERTIFICATION

I, Jim Toulon, being of full age and duly sworn, upon oath, deposes and states:

1.    I am Chief Operating Officer and Executive Vice President for GMAC Real Estate, LLC and have personal knowledge of the facts alleged herein and am duly authorized to so represent and am prepared to testify to them if called as a witness.

2.    I have read the foregoing Petition for Rule to Show Cause and the allegations contained therein.  Except as to those allegations alleged to be on information and belief, which I believe to be true, all of the allegations in this Petition for Rule to Show Cause are true based upon my personal knowledge, Plaintiff's records and information available through Plaintiff's employees.

By:    _____
JIM TOULON, as Chief Operating Officer and
Executive Vice President for GMAC REAL
ESTATE, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**GMAC REAL ESTATE, LLC,**

      Plaintiff,

          V.

**BLAKE REALTY, LLC, and
RYAN BLAKE**

      Defendants.

Case No. 08 C 987

AFFIDAVIT OF SERVICE
OF PROCESS

---

I, **DEBORAH J. NELSON,** being duly sworn states: That I am qualified to serve process in this cause, and that I received the following documents in this action:
**SUMMONS IN A CIVIL CASE, VERIFIED COMPLAINT for INJUNCTIVE and OTHER RELIEF, NOTICE OF FILING**

From VIPER DETECTIVE AGENCY on March 3, 2008, and in each instance I, personally, served a copy of each document listed above on those named below in the manner and at the time and place shown.

Upon RYAN E. BLAKE, personally, on MARCH 5, 2008, at 5:15 P.M. at 2820 HIAWATHA DRIVE, APPLETON, WISCONSIN 54914.

Deborah J. Nelson

SUBSCRIBED AND SWORN to me this 6th day of March 2008.

Notary Public:

My Commission Expires: 3-27-2011


EXHIBIT
A

AO 440  (Rev. 05/00)  Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me [1] | DATE  3/5/2008 | |
| NAME OF SERVER *(PRINT),*  DEBORAH J. NELSON | TITLE  INVESTIGATOR | |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant.  Place where served:  2550 W. HIAWATHA Drive, Appleton, WI 54914

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   3/5/2008
             Date

Signature of Server

PO Box 12134, Green Bay, WI 5750
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

$C4b$

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**GMAC REAL ESTATE, LLC**, a Delaware
Limited Liability Company,

*Plaintiff,*

v.

**BLAKE REALTY, LLC**, a Wisconsin Limited
Liability Company, and **RYAN BLAKE**,
an individual.

*Defendants.*

**CASE NO. 08 C 987**

**Presiding Judge Anderson
Magistrate Judge Keys**

### ORDER FOR PRELIMINARY AND PERMANENT INJUNCTION

**THIS CAUSE COMING TO BE HEARD** on the *Motion for Preliminary Injunction with Notice* and on the *Motion for Default* of **GMAC REAL ESTATE, LLC**, a Delaware Limited Liability Company, ("**PLAINTIFF**"), by and through its attorneys, **FUCHS & ROSELLI, LTD.**, due notice having been given to **BLAKE REALTY, LLC**, a Wisconsin Limited Liability Company, ("**BLAKE REALTY**") and **RYAN BLAKE**, an individual, ("**BLAKE**") (collectively "**DEFENDANTS**") the Court being fully advised in the premises, and the Court having found that good cause exists for the issuance of a *Preliminary and Permanent Injunction Order* without bond.

**IT IS HEREBY ORDERED AND ADJUDGED:**

1.      That the Court finds, from the facts stated in the *Motion for Preliminary Injunction,* the *Verified Complaint for Injunctive and Other Relief,* and supporting *Affidavits:*

a.      **PLAINTIFF** uses or has used the words "GMAC Real Estate", "GMAC Home

1



Services", "Premiere Service" and others as variations of its brand name. The "GMAC" mark was registered under United States' Trademark Number 2,612,792 and has been in use since August 27, 2002. The "Premiere Service" mark was registered under United States' Trademark Number 2,914,178 and has been in use since December 28, 2004. (collectively "GMAC Real Estate", "GMAC Home Services", and "Premiere Service" are referred to herein as the "MARKS");

b.    PLAINTIFF'S MARKS are valid, incontestable and entitled to the protections of this Court as the MARKS are registered on the principal register of the US Patent and Trademark Office. PLAINTIFF has used the MARKS in question since the date of register and these marks are in full force and effect pursuant to 15 U.S.C. §1065. PLAINTIFF has given notice to the public of the registration of the MARKS as required by 15 U.S.C. §1111;

c.    PLAINTIFF has the exclusive right to use and license its MARKS and the derivatives thereof, as well as the distinctive real estate system for the promotion and sale of real property to the public under PLAINTIFF'S name. PLAINTIFF and its predecessors have continuously used each of its MARKS since their date of registration, and PLAINTIFF has the exclusive right to use and sublicense its MARKS in the United States, including the right to sue for infringement;

d.    On or about March 25 2005, PLAINTIFF entered into a Real Estate Franchise Agreement (the "FRANCHISE AGREEMENT") with BLAKE REALTY;

e.    Pursuant to the FRANCHISE AGREEMENT, BLAKE REALTY, was permitted to use the MARKS in association with a permanent real estate sales office as approved by PLAINTIFF and in a form and style authorized by PLAINTIFF;

f.    Pursuant to the FRANCHISE AGREEMENT, BLAKE REALTY agreed to pay PLAINTIFF

2

certain Joining Fees and Referral Office Fees. BLAKE REALTY also agreed to pay PLAINTIFF Royalty and Advertising fees as outlined in the FRANCHISE AGREEMENT;

g.   BLAKE REALTY is in breach of the FRANCHISE AGREEMENT for failure to pay all sums due and owing under the FRANCHISE AGREEMENT;

h.   On or about September 10, 2007, the FRANCHISE AGREEMENT was properly terminated;

i.   Despite the termination of the FRANCHISE AGREEMENT and receiving notice of that termination, DEFENDANTS have continued to misuse PLAINTIFF'S MARKS to induce the public to use their real estate services for the promotion and sale of real property;

j.   PLAINTIFF has no adequate remedy at law as the injury suffered by PLAINTIFF as a result of DEFENDANTS' infringement upon PLAINTIFF'S MARKS is irreparable and not susceptible of adequate measurement as the value of the goodwill developed in PLAINTIFF'S MARKS cannot be determined by a precise monetary calculation, because PLAINTIFF is a national real estate service franchise and a widely known provider of such service, the value of its goodwill is substantial;

k.   The injury to PLAINTIFF's protectable business interests is substantial and immediate;

l.   PLAINTIFF has a reasonable likelihood of success on the merits;

m.   PLAINTIFF will be irreparably harmed if a preliminary and permanent injunction does not issue;

3

n.    The threatened injury to PLAINTIFF outweighs the threatened harm a preliminary and permanent injunction may inflict on DEFENDANTS; **and**

o.    Granting of this preliminary and permanent injunction does no disservice to the public interest.

2.    **That as a result of the foregoing, it is hereby ordered:**

1)    DEFENDANTS are preliminarily and permanently enjoined from any and all use or misuse of PLAINTIFF'S MARKS or otherwise infringing upon the exclusive rights granted PLAINTIFF in its MARKS;

2)    Within seven (7) days of this ORDER, DEFENDANTS are to surrender to PLAINTIFF or destroy all items in their possession, custody or control that bear PLAINTIFF'S MARKS, including but not limited to yard signs, letterheads, advertising and marketing materials, business cards, manuals, training materials, client promotion materials and the like;

3)    Within seven (7) days of this ORDER, DEFENDANTS are to assign to PLAINTIFF their rights to the domain name http://www.blakegmac.com;

4)    DEFENDANTS are to account for any and all revenue derived as a result of marketing, selling, or promoting its real estate services through and with PLAINTIFF'S MARKS.

3.    That good cause having been shown, minimal bond shall be required by PLAINTIFF based on the allegations of the *Motion for Preliminary Injunction, Verified Complaint for Injunctive and Other Relief,* and supporting *Affidavits.*

4.    In the event of a breach of the terms of this ORDER, the aggrieved party may file a

4

motion before the Court seeking enforcement of the terms of this ORDER. The prevailing party shall be entitled to reimbursement of its reasonable attorneys fees incurred in connection with the preparation, filing, and prosecution of such a motion and such additional relief as the Court deems appropriate.

5.     That this *Preliminary and Permanent Injunction* is issued on April __, 2008.

6.     That copies of this *Order* shall be immediately served upon DEFENDANTS.

ENTERED: *April 10, 2008*

JUDGE: _____

Richard C. Perna (6193236)
Daniel E. Wiesch (6276171)
FUCHS & ROSELLI, LTD.
440 West Randolph Street, Suite 500
Chicago, Illinois 60606
(312) 651-2400
Attorney No. 18573

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

GMAC REAL ESTATE, LLC, a Delaware
Limited Liability Company,                      )
                                                )
                                                )
                          Plaintiff,            )    Case No. 08 C 987
                                                )
BLAKE REALTY, LLC, a Wisconsin Limited          )
Liability Company, and RYAN BLAKE,              )
an individual,                                  )
                          Defendants,           )

### AFFIDAVIT OF SERVICE

I, Leonard Hoehne, being first duly sworn on oath, states as follows:

1. That I, as authorized by E.S.I. LLC, and Viper Detective Agency, Ltd., verify that I have attempted and/or served an authenticated copy of the legal documents as indicated below. Also, I am over the age of 18, a legal resident of the State of Wisconsin, not a party to the action and did identify the named person or business at the time of service.

2. That I made Corporate service of an **Order for Default Judgment & Order for Preliminary and Permanent Injunction**

In the above-captioned matter by Corporate service to: **Blake Realty, LLC through Ryan Blake, President**

3. That this Corporate service was at:          **Blake Realty, LLC**
                                                **W6144 Aero Tech Dr.**
                                                **Appelton, WI 54914**

4. Date of Service: **05/08/08**
   Time of Service: **3:20 p.m.**
   Sex:             **Male**
   Approx. Age:     **35**
   Race:            **White**
   Height:          **5'9"**
   Weight:          **140 lbs.**
   Hair:            **Brown**

5. Further Affiant Sayeth Naught.

*Leonard Hoehne*
Leonard Hoehne
ViperDetectiveAgency,Ltd.
IL Agency Lic. #117-001164

Subscribed and sworn to before me this
8 day of MAY, 2008.

*[signature]*
Notary Public

EXHIBIT
C

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GMAC REAL ESTATE, LLC, a Delaware<br>Limited Liability Company,           )<br>         )<br>         )<br>Plaintiff,         )<br>         )<br>BLAKE REALTY, LLC, a Wisconsin Limited  )<br>Liability Company, and RYAN BLAKE,    )<br>an individual,         )<br>Defendants,      )| Case No. 08 C 987 |

### AFFIDAVIT OF SERVICE

I, Leonard Hoehne, being first duly sworn on oath, states as follows:

1. That I, as authorized by E.S.I. LLC, and Viper Detective Agency, Ltd., verify that I have attempted and/or served an authenticated copy of the legal documents as indicated below. Also, I am over the age of 18, a legal resident of the State of Wisconsin, not a party to the action and did identify the named person or business at the time of service.

2. That I made Personal service of an <u>Order for Default Judgment & Order for Preliminary and Permanent Injunction</u>

In the above-captioned matter by Personal service to:   <u>Ryan Blake</u>

3. That this Personal service was at:       <u>W6144 Aero Tech Dr.<br>Appelton, WI 54914</u>

4. Date of Service: <u>05/08/08</u><br>Time of Service: <u>3:20 p.m.</u><br>Sex:         <u>Male</u><br>Approx. Age:  <u>35</u><br>Race:      <u>White</u><br>Height:     <u>5'9"</u><br>Weight:    <u>140 lbs.</u><br>Hair:       <u>Brown</u>

5. Further Affiant Sayeth Naught.

*Leonard Hoehne*
Leonard Hoehne
ViperDetectiveAgency,Ltd.
IL Agency Lic. #117-001164

Subscribed and sworn to before me this
___ 8 ___ day of __ MAY __, 2008.

_____
Notary Public









